EL BANCO DE SAN JUAN, PETICIONARIO, *v.* LA CORTE DE DISTRITO ·DE SAN JUAN, DEMANDADA.

SOLICITUD para que se expida un auto de *certiorari* dirigido a la Corte de Distrito de San Juan, Distrito Primero, Hon. Charles E. Foote, Juez.

No. 436.—Resuelto en febrero 26, 1924.

ABOGADO Y CLIENTE—MOCIÓN PARA RETIRAR LA REPRESENTACIÓN AL ABOGADO.—Si por cualquier causa un cliente no estuviera satisfecho de su abogado, la ley determina un remedio mediante moción a la corte solicitando permiso para cambiarlo; pero mientras esto no se haya hecho, se presume que tal parte ha autorizado al abogado a actuar en el curso de los procedimientos en tal sentido que parezca necesario y adecuado dentro del conocimiento que éste tiene de la ley, y el cliente no tiene derecho a dirigir a su abogado en la ordenada y propia gestión del caso. La presunción queda destruída por la moción sobre retiro de representación, y toda acción subsiguiente por parte del abogado queda suspendida excepto en lo que respecta a deberes inevitables que puedan surgir.

ID.—SINDICATURA—PROCEDIMIENTO—DERECHO SUBSTANCIAL.—Si un cliente ha consentido personalmente o por medio de abogado en que se dé por terminada una sindicatura, antes de que tal síndico sea de hecho retirado y quizá aún después, dicho cliente puede comparecer y pedir la continuación o restauración de la sindicatura, y una orden en tal sentido no envuelve la violación de ninguna regla de procedimiento, sino una cuestión de derecho substancial.

ID.—ID.—EMBARGO—CONTRATO.—La autoridad de un abogado está limitada al pleito en discusión. El puede trabar o disolver embargos, o una sindicatura, pues estos actos no tienen las características de un contrato en el cual forma parte el consentimiento del cliente; pero él no puede celebrar un verdadero contrato para su cliente.

Los hechos están expresados en la opinión.

Abogados del peticionario: *Sres. J. Soto Rivera, R. Sancho Bonet y Llorens & Arroyo.*

Abogado del interventor: *Sr. R. Rivera Zayas.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El día 23 ·de mayo de 1923 la Corte de Distrito de San Juan nombró un síndico en cierto pleito y esta corte, en un procedimiento de *certiorari* y en julio 28, 1923, se negó a anular la orden de aquella corte. (32 D. P. R. 392.) Más tarde, en ·septiembre 13, 1923, las partes por sus respectivos abogados, radicaron una estipulación para terminar

la sindicatura bajo condiciones que allí se mencionaban. La corte aprobó la estipulación en septiembre 27, 1923, y el peticionario allí demandado, el Banco de San Juan, llevó a efecto o comenzó a llevar a efecto las disposiciones de la estipulación. Luego, en 11 de octubre de 1923, el demandante Bernabé Sabalier, en representación propia compareció ante la corte y manifestó que no había autorizado a su abogado, Luis Abella Blanco, para hacer la ameritada estipulación y pidió dicho demandante que el mencionado letrado cesara de representarlo como abogado suyo de récord y asimismo pidió que la resolución de 27 de septiembre fuera anulada.

En 25 de octubre, 1923, la corte concedió la moción del demandante *ex parte,* destituyó a Luis Abella Blanco como abogado de récord, anuló la resolución de septiembre 27 y ordenó además que la sindicatura continuara. El banco archivó una moción de reconsideración que fué desestimada sin ser vista. Entonces el banco radicó otra moción de reconsideración en la vista de la cual ambas partes fueron oídas, y la corte se negó a anular su orden de octubre 25, 1923.

Cuando esta solicitud de *certiorari* fué radicada, una de las razones principales que tuvimos para considerarla fué la falta de notificación de que se quejaba el peticionario. En la vista ante esta corte el peticionario admitió que la corte había finalmente concedido una vista y abandonó su insistencia en este punto.

La petición no revela acto alguno ilegal de parte del abogado Luis Abella Blanco al dar por terminada la sindicatura. En otras palabras, un abogado, como tal, tiene autoridad para dar por terminada una sindicatura. Puede presumirse que él creyó que estaba actuando en favor de los intereses de su cliente. No consta que el cliente fuera consultado. El cliente negó la autoridad de su abogado para dar por terminada la sindicatura.

Podría admitirse, aunque sin resolverlo, que un abogado

puede dar por terminada una sindicatura sin consultar a su cliente, pero es algo dudoso que el abogado en este caso tuviera autoridad para hacer todo lo que hizo.

La corte mediante moción eliminó al abogado de récord. De esta eliminación el peticionario, el Banco de San Juan, no puede quejarse. Las partes siempre tienen derecho a destituir a sus abogados.   2 R. C. L. 961.

El peticionario sostiene, sin embargo, que el cliente no tenía derecho a dar paso alguno en el caso hasta que el abogado fuera eliminado y que por tanto no tenía derecho a pedir la anulación de la orden de septiembre 27 terminando la sindicatura.   Es una proposición a que no nos adherimos que una parte que desea acción rápida no pueda en una moción para eliminar a su abogado pedir cualquier otro remedio sustancial, y la cita de 2 R. C. L. no nos convence. Por el contrario, la inferencia debe ser otra.   Dice el libro: ''Si la parte, por cualquier causa, estuviere poco satisfecha de su abogado, la ley indica un remedio mediante moción a la corte pidiendo permiso para cambiar su abogado, pero mientras esto no se ha hecho se presume que tal parte ha autorizado al abogado a actuar en el curso de los procedimientos en tal forma como parezca necesaria y adecuada, dentro del superior conocimiento que éste tiene de la ley, y el cliente no tiene derecho a dirigir a su abogado en la ordenada y propia gestión del caso.''   La presunción queda destruída por la moción para destituir y toda acción subsiguiente por parte del abogado queda paralizada excepto en cuanto se trate de deberes inaplazables que puedan surgir. Luis Abella Blanco no está ante esta corte quejándose de esa destitución.

La única cuestión substancial que presenta la petición es si la orden de septiembre 27, 1923, creó un *status* de tal naturaleza que la anulación de dicha orden fué una infracción de las reglas de procedimiento o de jurisdicción a tal

extremo que el banco peticionario sufrió un verdadero perjuicio remediable mediante un auto de *certiorari.*

Dejando a un lado, pues, la falta de notificación, y dejando también a un lado la actuación y la moción de Sabalier sin una previa destitución de su hasta entonces abogado podemos investigar si la Corte de Distrito de San Juan infringió alguna regla de procedimiento al revocar su anterior resolución de septiembre 27 cuando se encontró con que esa resolución no tenía la aprobación del cliente. En general creemos que existe para todo cliente un *locus penitentiae,* por así decirlo. Si un cliente ha consentido personalmente o por medio de abogado en que se dé por terminada una sindicatura, antes de que tal síndico sea de hecho destituído, y quizá aún después, dicho cliente puede comparecer y pedir la continuación o restauración de la sindicatura. La concesión de tal moción en general no envuelve la violación de regla alguna de procedimiento. Generalmente es una cuestión de derecho substancial. El síndico no fué de hecho destituído en este caso.

La contención principal del peticionario es que la estipulación creó un contrato entre las partes. Mediante esta estipulación el síndico habría de presentar sus cuentas y el banco entonces reasumiría la posesión de los bienes de que se trataba prestando para ello amplia y suficiente fianza. La fianza fué ofrecida, o de hecho dada, y fué aprobada por la corte. El peticionario insistió en que se trataba de la consumación de un contrato cuya causa era el otorgamiento de la fianza.

Una cosa resalta inmediatamente. Las citas que hace el peticionario son quizá autoridad bastante al efecto de que un abogado puede hacer un gran número de cosas en representación de su cliente y obligarlo, cuando menos temporalmente, pero estamos bastante seguros de que un abogado, como tal, no puede crear un verdadero contrato a nombre de su cliente. El abogado podrá personalmente hacer o

deshacer embargos, o una sindicatura, pero estas cosas no tienen las características de un contrato en que entra el consentimiento del cliente. El mandato del abogado no se extiende más allá del litigio.

"Un abogado de récord, por virtud de su empleo como tal, y sujeto a la aprobación de la corte, tiene autoridad implícita para hacer todos los actos necesarios y propios para la regular y ordenada gestión del caso, y que afecten al remedio solamente y no a la causa de acción, y tales actos, en ausencia de fraude, serán obligatorios para el cliente, aunque sean hechos sin consultarle, y aun contra sus deseos. La autoridad del abogado se extiende a todo aquello que sea necesario para la protección y beneficio de los intereses encomendados a su cuidado, en tanto en cuanto hayan de ser afectados por los procedimientos ante la corte en que representa a su cliente, y él puede y debe ejercitar su discreción en todos los sucesos ordinarios que tengan lugar en relación con el caso." 2 R. C. L., párrafo 63, p. 986.

El acto de un abogado, aun tratándose de la extinción de una reclamación o de una obligación, no es un contrato.

El abogado en este caso, en tanto en cuanto estuviera estableciendo un *status* ajeno a la gestión judicial, no tenía autoridad alguna. Si, antes de radicarse un pleito y para impedir su radicación, el abogado de Sabalier hubiera aceptado una suma determinada de dinero y hubiera convenido en aceptar una fianza por el resto de la reclamación, la fianza no hubiera podido convertirse en el contrato de Sabalier sin su consentimiento. Asimismo parece cierto que aunque un abogado puede terminar una sindicatura o levantar un embargo no puede obligar a su cliente en la forma de una obligación cualquiera positiva, como un contrato, y de hecho, en este caso, no lo obligó. Si una persona autoriza a su abogado a comprar un pedazo de terreno, el mandato es uno corriente en el que cualquier persona podría ser mandatario. La relación no es la de un abogado y su cliente. Y así en cualquier otro asunto. El abogado, en virtud de su dirección del litigio, no puede crear un contrato. Ni existe

presunción alguna de autoridad independiente de la gestión del pleito de que se trate. Faltando la debida autoridad la ·aceptación de la fianza del banco fué quizá *non coram judice,* y el banco, según creemos, debió investigar el grado de autoridad como .en cualquier otra materia objeto de mandato. Aun si se considera que la prestación de una fianza en el pleito estaba presuntivamente autorizada por el cliente, sin embargo no sería un contrato y sí sólo parte de los procedimientos.

Suponiendo que pudiera surgir un contrato ·en este caso en virtud de gestión judicial, entonces también podría ser rescindido mediante igual gestión. La rescisión en ese caso pudiera ser un error, pero no una infracción de las reglas de procedimiento, y de hecho no fué esto último.

El peticionario no nos ha convencido de la existencia de un contrato; ni aún de un perjuicio. Aparte de la prestación de la fianza y el incumplimiento de sus esperanzas, el banco no quedó en peores condiciones que cuando se creó la sindicatura en septiembre de 1923. El banco no ha demostrado ni alegado pérdida alguna por razón de la fianza y ello sería una cuestión muy baladí para ser considerada en un pleito de esta magnitud.

Aun cuando hubiera habido infracción alguna de procedimiento al dar por terminada la sindicatura, estamos convencidos de que la corte pudo haber nombrado un nuevo síndico a moción del demandante. El artículo 182 del Código de Enjuiciamiento Civil da ese poder a la corte, y el mismo puede ser invocado en cualquier tiempo. Como la sindicatura podía en esa forma ser restablecida y como existía anteriormente una sindicatura que no había terminado de' hecho, cualquier mera infracción de procedimiento no sería bastante para invocar la discreción que tenemos en cuanto a la expedición de un auto de *certiorari.*

El peticionario hizo mención del costo excesivo de la sindicatura, pero esa es cuestión que descansa en la sana dis-

creción de la corte sentenciadora y no es materia adecuada en un procedimiento de *certiorari*. Debe dictarse una resolución denegando el auto.

*Denegado.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Presidente Sr. del Toro no intervino en la resolución de este caso.